# Exhibit 1

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | **CASE NO.<br>22-008060-NI<br>Hon. Muriel Hughes** |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>Mathis, Selena | v | Defendant's name(s), address(es), and telephone no(s).<br>Iman Express LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Rita Nasir Shoka 76070<br>29777 Telegraph Rd Ste 1555<br>Southfield, MI 48034-7662 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- ☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
- ☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
- ☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/6/2022 | Expiration date*<br>10/5/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     SUMMONS     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SELENA MATHIS,

    Plaintiff,

vs.                                  Case No. 22 -      NI
                                       Hon.

ABDIRAHIM MOHAMED
IMAN EXPRESS LLC,

    Defendants.

---

LEE STEINBERG LAW FIRM
RITA SHOKA (P76070)
Attorney for Plaintiff
29777 Telegraph Road, Suite 1555
Southfield, MI 48034
(248) 352-7777/6254 (Fax)

---

### DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, SELENA MATHIS by and through her attorneys, the Law Offices of LEE B. STEINBERG, P.C., by RITA SHOKA, and respectfully demands a trial by jury in the above matter.

*LEE STEINBERG LAW FIRM*

By: /s/ *Rita Shoka*
Rita Shoka (P76070)
Attorneys for Plaintiff
29777 Telegraph Rd., Ste. 1555
Southfield, MI 48034
(248) 352-7777

Dated: July 6, 2022

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SELENA MATHIS,

    Plaintiff,

vs.

ABDIRAHIM MOHAMED
IMAN EXPRESS LLC,

    Defendants.

Case No. 22 -      NI
Hon.

---

LEE STEINBERG LAW FIRM, PC
**RITA SHOKA (P76070)**
Attorney for Plaintiff
29777 Telegraph Road, Suite 1555
Southfield, MI 48034
(248) 352-7777/6254 (Fax)
rita@leefree.net

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(b).

---

NOW COMES Plaintiff herein, SELENA MATHIS by and through her attorneys, the Law Offices of LEE B. STEINBERG, P.C., by **RITA SHOKA** and complains against the Defendants,

4

ABDIRAHIM MOHAMED, IMAN EXPRESS LLC respectfully represents unto this Honorable Court as follows:

## COMMON ALLEGATIONS

1. That Plaintiff SELENA MATHIS was at all times relevant hereto, a resident of the City of Romulus, County of Wayne, State of Michigan.

2. That Defendant, ABDIRAHIM MOHAMED, was at all times relevant hereto a resident of the City of Saint Cloud, County of Sherburne, State of Minnesota.

3. That Defendant, IMAN EXPRESS LLC, was at all times relevant hereto a domestic profit corporation doing business in the City of Taylor, County of Wayne, State of Michigan.

4. That the within complained of events occurred to the Plaintiff in the City of Taylor, County of Wayne, State of Michigan.

5. That the amount in controversy exceeds TWENTY-FIVE THOUSAND ($25,000.00), exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Court for the reason that declaratory relief is sought.

## COUNT I
## NEGLIGENCE OF DEFENDANT, ABDIRAHIM MOHAMED

6. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs one through 5 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

7. That on or about July 29, 2022, Plaintiff, SELENA MATHIS, was the driver of a 2018 Cadillac XT5, traveling northbound on Telegraph Road, at or near Koth Ave, in Taylor, Wayne County, State of Michigan.

8. That on the aforesaid date, Defendant, ABDIRAHIM MOHAMED, was the operator of a 2013 Freightliner, traveling northbound on Telegraph Road, at or near Koth Ave, in Taylor, Wayne County, State of Michigan.

9. That on the aforesaid date, Defendant, ABDIRAHIM MOHAMED, negligently, carelessly and recklessly failed to stop in a safe and assured distance, rear-ending the vehicle in which Plaintiff, SELENA MATHIS, was the driver, causing the Plaintiff to suffer serious injuries as hereinafter set forth.

10. That the sole, direct and proximate cause of the aforesaid accident was because the Defendant, ABDIRAHIM MOHAMED, was operating the aforesaid vehicle in a negligent, careless and reckless manner, contrary to the Motor Vehicle Act of the State of Michigan, specifically among other things, as follows:

   a. Driving without due care and caution and in such a manner as to endanger the Plaintiff;
   b. Failing to drive said vehicle upon the highway at a careful and prudent speed, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);
   c. Failing to drive said vehicle upon the highway at a speed not greater than would permit said defendant driver to bring said vehicle to a stop within the assured clear distance ahead, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);
   d. Driving said vehicle upon a highway or other place open to the public including any area designated for the parking of motor vehicles, within the state, in a carelessly, heedlessly, willful, wanton and reckless manner without due regard to the plaintiff and his property in violation of Mich. Comp. Laws Ann. Section 257.626 (1977);
   e. Failing to have said motor vehicle equipped with brakes adequate to control the movement of, and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to

6

      apply the brakes to at least two wheels, in violation of Mich. Comp. Laws Ann. Section 257.705 (1977);

f.    Failing to use the available brakes that the car was equipped with;

g.    Failing to drive at a careful and prudent speed, having due regard to the traffic, surface, and width of the highway, and other existing conditions, in violation of Mich. Comp. Laws Ann. Section 257.627 (1977); and

h.    Driving said vehicle on a highway or other area open to the general public in willful or wanton disregard for the safety of persons or property. Mich. Comp. Laws Ann. Section 257.626 (1977).

i.    In engaging in other acts of negligence that would be ascertained during the course of discovery.

11. That Defendant, ABDIRAHIM MOHAMED, breached each and every one of his duties as aforesaid to Plaintiff.

12. That as a direct and proximate result of Defendant, ABDIRAHIM MOHAMED'S, acts and omissions, constituting negligence, gross negligence and unlawful conduct, Plaintiff, SELENA MATHIS, has suffered the following severe personal injuries constituting serious impairments of body functions and permanent serious bodily disfigurements, including, but not limited to:

a.    Injuries to her neck, back, and shoulder (including but not limited to injuries stated above)

b.    pain, suffering, embarrassment, humiliation, anxiety, inconvenience and loss of enjoyment of life; and loss of employment opportunities;

c.    other injuries and damages presently unknown, but which will be disclosed through discovery.

13. That if it is discovered that the Plaintiff was suffering from any other medical conditions prior to this collision, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff, SELENA MATHIS, prays this Court grant judgment in her favor and against Defendant, ABDIRAHIM MOHAMED, for whatever amount in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

**COUNT II**
**STATUTORY LIABILITY OF DEFENDANT, IMAN EXPRESS INC**

14. That the Plaintiff reincorporates and realleges paragraphs one through thirteen of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

15. That on the aforementioned date, Defendant, ABDIRAHIM MOHAMED, was operating a 2013 Freightliner bearing the license plate PAT5435, which at all relevant times, was owned by the Defendant, IMAN EXPRESS LLC.

16. That said vehicle was being operated on the aforementioned date and time by Defendant, ABDIRAHIM MOHAMED, with the express and/or implied permission of Defendant, IMAN EXPRESS LLC.

17. That pursuant to Michigan law, Defendant, IMAN EXPRESS LLC, is strictly liable for the negligent acts and/or omissions of Defendant, ABDIRAHIM MOHAMED, as described in detail above.

18. That as a direct and proximate result of the above, Plaintiff, SELENA MATHIS, sustained serious injuries.

19. That as a direct and proximate result of Defendant's, ABDIRAHIM MOHAMED, acts and omissions, constituting negligence, gross negligence and unlawful conduct, Plaintiff, SELENA MATHIS, has suffered the following severe personal injuries constituting serious impairments of body functions and permanent serious bodily disfigurements, including, but not limited to:

   a. Injuries to her neck, back, and shoulder;
   b. pain, suffering, embarrassment, humiliation, anxiety, inconvenience and loss of enjoyment of life; and loss of employment opportunities;
   c. other injuries and damages presently unknown, but which will be disclosed through discovery.

20. That if it is discovered that the Plaintiff was suffering from any other medical conditions prior to this collision, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff, SELENA MATHIS, prays this Court grant judgment in her favor and against Defendants, ABDIRAHIM MOHAMED and IMAN EXPRESS LLC, Jointly and Severally, for whatever amount in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

### COUNT III
### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR – IMAN EXPRESS LLC

21. That the Plaintiff reincorporates and realleges paragraphs one through twenty of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

22. That at all material times herein, Defendant, ABDIRAHIM MOHAMED, was a servant, agent and/or employee of Defendant, IMAN EXPRESS LLC.

23. That at the time of the automobile accident described above, Defendant, ABDIRAHIM MOHAMED, was acting within the scope of HIS employment with said Defendant, IMAN EXPRESS LLC.

24. That the Defendant, IMAN EXPRESS LLC, is vicariously liable for any of the acts and/or omissions of its agents, servants, and/or employees by reason of the Doctrine of Respondeat Superior as set forth in detail above.

25. That as a direct and proximate result of the negligent acts and/or omissions committed by Defendant, ABDIRAHIM MOHAMED, during the scope of his employment with Defendant, IMAN EXPRESS INCORPORATED, Plaintiff, SELENA MATHIS, did sustain a serious impairment of a body function resulting in physical and emotional pain and suffering.

26. That if it is discovered that the Plaintiff was suffering from any other medical conditions prior to this collision, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff, SELENA MATHIS, prays this Court grant judgment in her favor and against Defendants, ABDIRAHIM MOHAMED and IMAN EXPRESS LLC, Jointly and Severally, for whatever amount in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

## COUNT IV

## NEGLIGENT ENTRUSTMENT OF DEFENDANT-IMAN EXPRESS LLC

27. That the Plaintiff reincorporate and reallege paragraphs one through twenty-six of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

28. That the Defendant, IMAN EXPRESS INC, owed a duty to the general public and, in particular, Plaintiff herein, and breached said duties in each of the following manners, including, but not limited to the following:

    a. In failing to establish reasonable and adequate hiring practices.

    b. In failing to properly train its employees in the safe and appropriate manner.

    c. In failing to adequately and properly train and/or supervise its drivers and performing towing operations.

    d. In failing to properly investigate the background and experience of its drivers, including Defendant, ABDIRAHIM MOHAMED.

    e. In failing to implement reasonable education and training of its drivers in the safe performance of their duties and responsibilities, including use and operation of motor vehicles.

    f. In failing to entrust its vehicle to a safe, competent, adequately trained employee.

    g. In failing to establish and/or implement an effective training and/or education program for its employees in the safe and reasonable use and operation of its vehicles.

    h. In failing to inspection and/or properly maintain its vehicles and/or in implementing a reasonable maintenance safety program of its drivers and mechanics.

    i. In failing to keep its motor vehicles in a reasonably safe mechanical condition for its anticipated use.

    j. In failing to remedy problems and/or mechanical defects with its vehicles

within a reasonable period of time despite having actual and/or implied knowledge of same.

k. In engaging in other acts or negligence and/or gross negligence and/or willful and wanton misconduct which will be ascertain during the course of discovery.

29. That as a direct and proximate result of the negligence and/or gross negligence and/or willful and wanton misconduct of Defendant, IMAN EXPRESS INC, Plaintiff, SELENA MATHIS, sustained severe and permanent injuries and damages as set forth in detail above, the same being fully incorporated word for word herein.

WHEREFORE, Plaintiff, SELENA MATHIS, prays this Court grant judgment in her favor and against Defendants, ABDIRAHIM MOHAMED and IMAN EXPRESS INC, Jointly and Severally, for whatever amount in excess of TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS to which she is found entitled, together with costs, interest and attorney fees.

Respectfully Submitted,

*LEE STEINBERG LAW FIRM, PC*

By:*/s/ Rita Shoka*
Rita Shoka (P76070)
Attorneys for Plaintiff
29777 Telegraph Rd., Ste. 1555
Southfield, MI 48034
(248) 352-7777

Dated: July 6, 2022